*HOWARD & AL. vs. OWNERS S. B. COLUMBIA.*

Dilatory exceptions must be plead in *limine lites.*
The amicable demand must be specially denied in order to put the plaintiff to proof of the fact.

APPEAL from the court of the first district.

The plaintiffs who were ship-carpenters, brought this suit to recover from the defendants, a balance which they alleged to be due them for work and labour, and materials furnished in repairing the steam-boat Columbia. The defendants denied that the work had been faithfully done. That the boat was unnecessarily delayed in the ship-yard of plaintiffs, by which heavy damages were incurred which they claimed in reconvention.

It appeared from the contract entered into between the parties, that a part of the stipulated price was to be paid as the work progressed, and the balance in three and four months after the boat commenced running, or after her repairs were completed. The boat left the ship-yard on Friday the twenty-eighth of October,

Eastern District. 1829, took in freight and went up the river
*May*, 1830.
                the Sunday following.   Suit was instituted on
HOWARD & AL. the second of November.   It was proved that
    *vs.*
S. B. COLUMBIA every exertion was used by the plaintiffs to
AND OWNERS.
expedite the work, that when the boat left the
yard the repairs were complete except what was
done by plaintiffs after she crossed the river,
and that she left when she did, at the request
of her captain who was anxious to take in
freight.   There was a verdict and judgment
for the plaintiffs and the defendants appealed.

*Duncan,* for appellants.

1. The contract on which suit is brought
shows that the plaintiffs were not authorized
to bring their action at the period it was insti-
tuted.   C. C. art. 2038, 2039.

2. There is error in the judgment of the
court below in condemning the defendants to
pay costs, no amicable demand having been
made.   C. p. 169 ;  8 Mart. n. s. 107.

*Carleton and Lockett,* contra.

The cause depends entirely on questions of
fact, and the plaintiff relies upon the verdict
of the jury.

MATHEWS, J. delivered the opinion of the
court.

This is a suit brought by a company of ship-carpenters to recover from the owners of the steam-boat Columbia, a balance which they alleged to be due to them for work and labor, and materials furnished in repairing said boat by contract with the proprietors. The cause was submitted to a jury in the court below, who found a verdict for the plaintiffs, on which a judgment was rendered with costs, and from it the defendants appealed.

Eastern District.
*May*, 1830.

HOWARD & AL.
*vs*
S. B. COLUMBIA
AND OWNERS.

The principal points filed in this court against the correctness of the decision of the district court, are,

*First*, that the suit was prematurely commenced as according to the terms of the contract on which the action is based, the defendants were not bound to pay the sum now claimed, until three and four months after the work was completed, or the boat commenced running; which time had not elapsed previous to the institution of the present action.

*Second*, That no amicable demand of payment was made, or proven to have been made, on the trial of the cause, &c.

Eastern District.
*May*, 1830.

HOWARD & AL.
*vs.*
S. B. COLUMBIA
AND OWNERS.

Dilatory exceptions must be plead in *limine lites.*

The objection to a recovery by the plaintiffs, on the ground alleged in the first of these points, being a dilatory exception, ought to have been pleaded in *limine lites*, which was not done, and consequently no advantage can now be had from it.

As to the merits of the case which depend on the testimony, we find nothing on the record to authorize an interference with the verdict of the jury.

In relation to the amicable demand, it is believed that it forms no part of the merits of a cause to which a general denial is, perhaps, exclusively applicable. It may be considered as analogous to an allegation in a petition by which the capacity in which a plaintiff sues is declared. Such as executor, administrator, or heir, &c. which must be specially decreed, in order to put the petitioner on the proof of such fact.

The amicable demand must be specially denied, in order to put the plaintiff to proof of the fact.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.